UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THERESA JOHNSON-BLOUNT            CIVIL ACTION

VERSUS            NO. 11-132-SDD-RLB

BOARD OF SUPERVISORS FOR
SOUTHERN UNIVERSITY AND
A&M COLLEGE

## RULING

This matter is before the Court on the *Motion to Dismiss*[1] filed by the Defendant, Board of Supervisors for Southern University A&M College ("Defendant" or "Southern"). Plaintiff, Theresa Johnson-Blount ("Plaintiff") has submitted an *Opposition*[2] to the motion, to which Southern filed a *Reply*.[3] Southern moves to dismiss pursuant to Rules 12(c) and 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons which follow, the Court finds that Southern's motion should be granted.

I.     **FACTUAL BACKGROUND**

Plaintiff was an employee of Southern University at Baton Rouge, Louisiana. In this suit, Plaintiff claims that Southern violated her rights under the Americans with Disabilities Act ("ADA")[4] and the Age Discrimination in Employment Act ("ADEA").[5] Specifically,

---

[1] Rec. Doc. No. 21.

[2] Rec. Doc. No. 22.

[3] Rec. Doc. No. 27.

[4] 42 U.S.C. § 12111, *et seq.*

[5] 29 U.S.C. § 621, *et seq.*

Doc 927

1

Case 3:11-cv-00132-SDD-RLB    Document 30    01/17/14    Page 1 of 7

Plaintiff contends she was subjected to discrimination and harassment based on her alleged disability and her age, was denied a reasonable accommodation for her disability, and was subjected to retaliation for her complaints.

In the parties' *Uniform Pre-Trial Order*,[6] the Defendant objected to trial on the basis that the Court lacks jurisdiction over Plaintiff's claims. At the Final Pre-Trial Conference in this matter, the Court questioned why no dispositive motions had been filed by the Defendant. The Court ordered Southern to file a *Motion to Dismiss* on the issue of jurisdiction and ordered Plaintiff to file a response. Both parties have complied with this order, and the issue of subject matter jurisdiction is now before the Court.

## II. LAW & ANALYSIS

### A. Rule 12(c) and 12(b)(1) Motion to Dismiss

Southern moves for Judgment on the Pleadings under Rule 12(c) as an *Answer* has been filed, discovery has been completed, and the Court lacks subject matter jurisdiction over Plaintiff's claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure under the doctrine of sovereign immunity. A challenge to the Court's subject matter jurisdiction over a case may be raised at any time because it goes to the Court's very power to hear the case.[7]

The party asserting subject matter jurisdiction bears the burden of proof of demonstrating jurisdiction.[8] In ruling on a Rule 12(b)(1) motion to dismiss for lack of

---

[6] Rec. Doc. No. 17.

[7] *United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002).

[8] *Davis v. U.S.*, 597 F.3d 646, 649 (5th Cir. 2009).

subject matter jurisdiction, the Court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the Court's resolution of the undisputed facts.[9]

## B. Sovereign Immunity

The Eleventh Amendment to the United States Constitution bars an action for monetary damages by a private individual in federal court against a sovereign state and its agencies and officials unless specifically abrogated by Congress pursuant to its legal authority under Section V of the Fourteenth Amendment or by consent of the State.[10] Though the language of the Eleventh Amendment does not specifically address suits against the State by its own citizens, the Supreme Court has "consistently held that an unconsenting State is immune from suits brought in federal court by her own citizens as well as citizens of other States."[11] Also, the scope of the Eleventh Amendment extends to actions against state agencies or entities that are classified as "arms of the state."[12]

When a state is the "real, substantial party in interest," the Eleventh Amendment bars a suit against state officials.[13] A state is the real substantial party in interest, and is

---

[9] *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001).

[10] *Seminole Tribe of Florida v. Florida, et al*, 517 U.S. 44, 116 S.Ct. 1114 (1996); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 120 S.Ct. 631 (2000).

[11] *Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890)).

[12] *Regents of the University of California v. John Doe*, 519 U.S. 425, 429, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997); *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir.2002).

[13] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

entitled to an invocation of sovereign immunity from suit, regardless of whether the individual officers are nominal defendants.[14]

While Louisiana may have waived state sovereign immunity in some cases tried in state court, it has not waived immunity such that it can be sued in federal court. To the contrary, Louisiana explicitly maintains its sovereign immunity by statute.[15] Furthermore, the Fifth Circuit has directly held that Southern University and its Board of Supervisors qualify as an arm of the State of Louisiana and, as such, are entitled to Eleventh Amendment immunity.[16]

### C. The ADEA Claim

In *Kimel v. Florida Board of Regents*, the United States Supreme Court held that in enacting the ADEA, "Congress did not validly abrogate the States' sovereign immunity to private individuals."[17] Plaintiff argues that Louisiana's state statute prohibiting age discrimination constitutes a waiver of sovereign immunity over such claims in federal court. This argument is clearly contrary to *Kimel*: "State employees are protected by state age

---

[14] *Ford Motor Co. v. Dep't of Treasury of State of Indiana*, 323 U.S. 459, 464, 65 S.Ct. 347, 89 L.Ed. 389 (1945) ( *overruled by Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002) (holding that a state's removal of a suit to federal court resulted in that state's waiver of Eleventh Amendment immunity)).

[15] *See* La.Rev.Stat.Ann. §13:5106 (West 2012) ("No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."); *see also Citrano v. Allen Correctional Center*, 891 F.Supp. 312, 320 (W.D.La.1995) ("The State of Louisiana has waived sovereign immunity in tort contract suits but it is not waived its immunity under the Eleventh Amendment from suit in federal court.").

[16] *Richardson v. Southern University*, 118 F.3d 450, 452 (5th Cir. 1997)(citing *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 146 (5th Cir. 1991)).

[17] *Kimel*, 528 U.S. at 91.

discrimination statutes and may recover money damages from their state employers..."[18] Such relief is only available in state court. Therefore, the Court lacks subject matter jurisdiction over Plaintiff's ADEA claim.

### D. The ADA Claim

Southern contends Plaintiff's ADA claims arise under Title I of the ADA. In *Board of Trustees of University of Alabama v. Garrett*, the United States Supreme Court held that the Eleventh Amendment bars private money damages actions against the state for violations of Title I of the ADA, which prohibits employment discrimination against individuals with disabilities.[19] Courts have also held that "the reasoning in *Garrett* 'necessarily applies' to retaliation claims brought pursuant to Title V of the ADA that are predicated on violations of Title I."[20]

In *Alleman v. Louisiana Department of Economic Development*, the plaintiff claimed that she was discriminated and retaliated against and denied accommodations on the basis of a disability.[21] The court held that "[t]his claim falls under *Garrett*'s holding and is barred by the Eleventh Amendment."[22] *Alleman* involved the same claims that are asserted by Plaintiff in the matter before the Court. Therefore, *Garrett* also applies to Plaintiff's ADA claims in this matter, and they are barred by the Eleventh Amendment.

---

[18] *Id.*

[19] 531 U.S. 356, 360, 121 S.Ct. 955, 960, 148 L.Ed.2d 866 (2001).

[20] *Worley v. Louisiana*, –F.Supp.2d–, 2012 WL 218992, at *4 (E.D. La. 2012), quoting *Demshki v. Monteith*, 255 F.3d 986, 988-89 (9th Cir. 2001).

[21] 698 F.Supp.2d 644 (M.D. La. 2010).

[22] *Id.* at 663.

Case 3:11-cv-00132-SDD-RLB   Document 30   01/17/14   Page 5 of 7

Courts have found that, in cases brought under the ADA Title II and Rehabilitation Act, acceptance of federal funds constitutes a waiver of sovereign immunity.[23] The Fifth Circuit recognized this distinction in *Bennett-Nelson v. Louisiana Board of Regents*.[24] The plaintiff sued under Title II of the ADA and the Rehabilitation Act. The Fifth Circuit concluded that, as a recipient of federal financial assistance, the defendant university was subject to the requirements of Section 504 of the Rehabilitation Act.[25]

In *Fields v. Department of Public Safety*, the plaintiff brought claims against her employer under Title VII, the ADEA, the ADA, and the Family and Medical Leave Act ("FMLA").[26] The plaintiff's ADA claims arose under Title I. The plaintiff argued that because her employer received federal funds, it had waived its sovereign immunity.[27] The Court rejected this argument, noting that the cases upon which the plaintiff relied involved claims arising under the Rehabilitation Act.[28] The court acknowledged that "the Rehabilitation Act manifests a clear intent to condition a state's participation and receipt of federal funding on its consent to waive its Eleventh Amendment immunity by including an express waiver of immunity when accepting federal funds under the Rehabilitation

---

[23] *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985); *Douglas v. California Department of Youth Authority*, 271 F.3d 812 (9th Cir. 2001), *amended* 271 F.3d 910 (9th Cir. 2001).

[24] 431 F.3d 448 (5th Cir. 2005).

[25] *Id.* at 453.

[26] 911 F.Supp.2d 373 (M.D. La. 2012).

[27] *Id.* at 379.

[28] *Id.*

Case 3:11-cv-00132-SDD-RLB   Document 30   01/17/14   Page 6 of 7

Act."[29] However, the court held that, "[u]nlike the Rehabilitation Act, the statutes involved in the instant case show no such intent. Accordingly, the Court disagrees with Plaintiff's assertion that Defendant's receipt of federal funds should be deemed a waiver of its Eleventh Amendment immunity."[30] Thus, the court dismissed the plaintiff's ADA claims for lack of subject matter jurisdiction.[31] Because Plaintiff, Johnson-Blount's ADA claims arise under Title I, the same result is required in this case.

## III. CONCLUSION

For the reasons set forth above, Southern's *Motion to Dismiss*[32] is GRANTED. Because the Court lacks subject matter jurisdiction over Plaintiff's claims, they are hereby dismissed without prejudice. The bench trial currently set in this matter for March 10, 2014, is hereby CANCELLED. All other pre-trial deadlines are also cancelled.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 17 day of January, 2014.

*Shelly D. Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[29] *Id.*, citing 42 U.S.C. § 2000d-7.

[30] *Id.*

[31] *Id.* at 381.

[32] Rec. Doc. No. 21.